**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2690-19

THEODORE IMFELD and
W&F PROPERTIES, LLC,

       Plaintiffs-Respondents,

v.

THOMAS BUTTERY and
LENORE BUTTERY,

       Defendants-Appellants.

_____

        Submitted May 3, 2021 – Decided July 29, 2021

        Before Judges Currier and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law
        Division, Middlesex County, Docket No. DC-015679-
        19.

        Lawrence M. Centanni, attorney for appellants.

        The Law Office of Piro, Zinna, Cifelli, Paris &
        Genitempo, attorneys for respondents (Richard A.
        Grodeck, of counsel and on the brief).

PER CURIAM

Defendants Thomas Buttery and Lenore Buttery appeal from two orders of the Special Civil Part: (1) a January 30, 2020 order for possession of the house in which they reside; and (2) a January 30, 2020 order denying their motion to dismiss this ejectment action for lack of subject matter jurisdiction. Having concluded that the Special Civil Part lacked jurisdiction to hear the matter, we vacate both orders and remand for entry of an order dismissing the complaint.

I.

The following facts are derived from the record. In 1985, plaintiff Theodore Imfeld and Buttery[1] acquired title to a parcel in South Plainfield. Although the property is zoned for commercial use, a house situated on the parcel was a non-conforming use at the time of the purchase. After the transfer of title, Buttery resided in the house. He was later married and his wife moved into the residence. Imfeld and Buttery were also co-owners of Ted's Landscaping & Paving, Inc., which operated at the property.

The parties intended to further develop the property for their business operations. On July 16, 1985, the municipal planning board approved the parties' site plan application for a commercial development, subject to the condition that the residence be demolished within five years. Buttery thereafter

---

[1] Defendants are married. We refer to Thomas Buttery as "Buttery."

A-2690-19

obtained from the planning board a series of extensions of the demolition based on hardships caused by his poor health. The last extension expired in January 1993. The residence was never demolished and the Butterys continued to live in the house.

In December 2001, Imfeld acquired Buttery's interest in the property. In the contract of sale, Imfeld granted Buttery a life estate entitling him to live in the house rent free. The agreement provides that Imfeld is to pay Buttery an additional $100,000 in the event Buttery elects to terminate his life estate and vacate the property.

In May 2019, Imfeld formed plaintiff W&F Properties, LLC (W&F), to which he transferred his interest in the property. The transfer of title appears to have alerted the municipality to the fact that the home had not been demolished.

On August 5, 2019, a municipal official served Imfeld and W&F a summons for violating the demolition requirement in the 1985 resolution. In addition, the municipality demanded that the home be demolished. Imfeld appeared in municipal court on the summons and secured a continuance to explore the possibility of obtaining a use variance for the house. After determining that obtaining a use variance would be impossible, Imfeld

demanded possession of the home from the Butterys. They refused to vacate the property.[2]

On November 26, 2019, Imfeld and W&F filed a verified complaint for ejectment against the Butterys in the Special Civil Part. They sought resolution of the matter in a summary proceeding. The trial court subsequently issued an order to show cause why the Butterys should not be ejected from the property.

The Butterys opposed the order to show cause and objected to resolution of the matter in a summary fashion, given the complexity and nature of the facts surrounding their occupancy of the home. In addition, they argued that the life estate granted to Buttery in the December 2001 contract was a colorable claim of right to possess the property pursuant to Rule 6:1-2(a)(4) outside the jurisdiction of the Special Civil Part. The Butterys requested that the matter be transferred to the Law Division or Chancery Division.

At about the same time, the Butterys filed a complaint in the Chancery Division alleging Imfeld breached various provisions of the December 2001 contract for the transfer of Buttery's interest in the property. The Butterys

---

[2] Ultimately, Imfeld entered a guilty plea to the charge of failing to comply with the resolution requiring demolition of the home. The court imposed a $1000 fine. Imfeld argues that he faces daily fines and further enforcement action, including incarceration, as long as the home is not demolished.

alleged, among other claims, that Imfeld's formation of W&F and his transfer of title to the property to that entity were intended to defeat and subvert Buttery's life estate. They also alleged that Imfeld's filing of the ejectment action in the Special Civil Part constituted malicious prosecution and abuse of civil process. The Butterys demanded: (1) specific performance of various provisions of the December 2001 contract, including recognition of Buttery's life estate in the property; (2) application of promissory estoppel to prevent their removal from the property; (3) partition of the life estate and the compelled purchase of the life estate by Imfeld; (4) reformation of the contract; and (5) damages.

The Butterys moved in the Special Civil Part to dismiss the ejectment action for want of subject matter jurisdiction because Buttery asserted a colorable claim to a possessory interest in the property. They argued that Buttery's claim to a life estate, if proven, would provide a complete defense to the ejectment action. In the alternative, the Butterys requested: (1) that the matter not proceed in a summary fashion; (2) that they be allowed to file an answer and counterclaim; or (3) that the matter be transferred to the Chancery Division for consolidation with their breach of contract and malicious prosecution action, which, they alleged, involved claims arising out of

ownership of the same parcel and intertwined issues that should be resolved together.[3]

During the summary proceeding on the ejection action, Imfeld and W&F argued that the life estate granted in the December 2001 agreement was invalid because it is contrary to the 1985 resolution and subsequent extensions, which require demolition of the home. Buttery countered that he had at the very least a colorable claim to possession of the home, which deprived the Special Civil Part of jurisdiction to hear the ejectment action.

On January 30, 2020, the trial court issued an oral opinion. The court denied Butterys' motion to dismiss the ejectment action for want of subject matter jurisdiction. The court concluded the Butterys did not have a colorable claim to possession of the property because the provision of the December 2001 contract granting him a life estate was void as contrary to law and public policy. The court severed that provision from the remainder of the contract. As a result, the court granted Imfeld and W&F's request for an order for possession.

---

[3] The Butterys also moved in the Chancery Division to transfer the ejectment action to the Chancery Division for consolidation with their pending breach of contract and malicious prosecution action. On March 9, 2020, the Chancery Division denied the motion to transfer as moot, given the January 30, 2020 orders of the Special Civil Part.

A-2690-19

On January 30, 2020, the court entered an order denying the Butterys' motion to dismiss the ejectment action. In addition, on that date the court entered an order for possession in favor of Imfeld and W&F. The court stayed the January 30, 2020 order for possession until March 16, 2020 and directed that the order "may be stayed or otherwise modified by the judge handling" the Butterys' Chancery Division action. The record does not indicate whether the stay of the order for possession was subsequently extended.

This appeal follows. The Butterys make the following arguments.

> POINT ONE
>
> THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO HEAR AND CONSIDER [THE] COMPLAINT. PURSUANT TO RULE 6:2-3(4)(a)[, THE] ACTION, GIVEN ISSUES RELATED TO [BUTTERY'S] CLAIMS OF RIGHT PURSUANT TO A LIFE ESTATE, WAS NOT COGNIZABLE IN THE SPECIAL CIVIL PART.
>
> POINT TWO
>
> THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN HANDLING THE INSTANT MATTER IN A SUMMARY FASHION, RATHER THAN ORDERING A FULL PLENARY TRIAL.
>
> POINT THREE
>
> THE TRIAL COURT ABUSED ITS DISCRETION IN NOT DEFERRING ADJUDICATION OF THIS MATTER UNTIL SUCH TIME AS THE CHANCERY

7

DIVISION HAD AN OPPORTUNITY TO RULE UPON [THE BUTTERYS'] NOTICE OF MOTION TO TRANSFER AND CONSOLIDATE.

POINT FOUR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING [THE BUTTERYS'] MOTION TO DISMISS [THE] COMPLAINT.

## II.

"A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of the Twp. of Manalapan, 140 N.J. 366, 378 (1995); accord Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Pursuant to N.J.S.A. 2A:35-1, "[a]ny person claiming the right of possession of real property in the possession of another, or claiming title to such real property, shall be entitled to have his rights determined in an action in the Superior Court." The Butterys do not contest the right of Imfeld and W&F to file an ejectment action against them pursuant to this provision. They argue, however, that the Special Civil Part lacked jurisdiction to adjudicate Imfeld and W&F's claims and to decide those claims in a summary proceeding. We agree.

The jurisdiction of the Special Civil Part is limited. Rule 6:1-2(a)(4) expressly provides that

[t]he following matters shall be cognizable in the Special Civil Part . . . .

. . . .

(4) Summary actions for the possession of real property pursuant to N.J.S.A. 2A:35-1, et seq., where the defendant has no colorable claim of title or possession . . . .

A colorable claim is "[a] plausible claim that may reasonably be asserted, given the facts presented and the current law." Black's Law Dictionary 312 (11th ed. 2019). "The Legislature did not intend for the Special Civil Part . . . to determine disputed land titles and complex equitable issues in the context" of a summary proceeding, in which discovery is not permitted. Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986).

In response to Imfeld and W&F's ejection action, Buttery asserted a colorable claim of a possessory interest in the property through a life estate. While Imfeld and W&F argued that the contract provision purporting to grant the life estate to Buttery was unenforceable because of the demolition requirement in the conditional site plan approval, that contention did not render Buttery's claim of a possessory interest facially invalid. The validity of Imfeld and W&F's position was not readily apparent, particularly in light of the

undisputed inaction by the municipality to enforce the demolition requirement over a period of nearly twenty-seven years.

The facts alleged in response to the ejection action raised questions of estoppel and reliance, as well as the validity of the December 2001 sale of Buttery's interest in the property if Imfeld's transfer of a life estate was invalid. The severability of the life-estate provision from the remainder of the contract is disputed by the parties. If the life-estate provision is invalid and not severable from the remainder of the contract, Buttery would have an ownership interest in the property and an obvious colorable claim of a possessory interest.

The Butterys asserted various contract and equitable claims in their Chancery Division action, which was pending at the time that the Special Civil Part held its summary proceeding on the ejectment action. The Butterys' Chancery Division claims are inextricable from the claims asserted in the ejectment action. It was error for the Special Civil Part to resolve the summary ejectment action rather than dismiss the complaint and allow the parties to pursue their claims in the Chancery Division.

In light of our conclusion with respect to subject matter jurisdiction, we need not resolve the remaining claims raised by the Butterys.

10

The January 30, 2020 orders are vacated and the matter is remanded for entry of an order dismissing the complaint. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11